IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARED POPE, DDS, individually and
derivatively on behalf of Mountain View
Family Dentistry and Orthodontics, LLC,
PROVERUS MANAGEMENT, LLC, and
JARED POPE, DDS, PLC,

      Plaintiffs,

v.                                                                    CV 22-0138 MIS/JHR

DUANE MARSHALL, DMD, MOUNTAIN
VIEW FAMILY DENTISTS, LLC,
MOUNTAIN VISTA FAMILY DENTISTRY
AND ORTHODONTICS, LLC, and MOUNTAIN
VIEW FAMILY DENTISTRY AND
ORTHODONTICS, LLC

      Defendants,

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Pursuant to the Order of Reference entered by presiding District Judge Margaret Strickland,

I, Magistrate Judge Jerry Ritter, have reviewed this case as permitted by the provisions of 28

U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849

(10th Cir. 1990). My review included Plaintiffs' Motion for Expedited Discovery [Doc. 9],

Defendants' Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction

[Doc. 17], and Plaintiffs' Renewed Application for Temporary Restraining Order [Doc. 27], and

included the evidence presented by Plaintiffs and the authority, binding and persuasive, cited in

the briefs. The absence of a plausible federal claim supporting federal question jurisdiction is

apparent. As explained below, Plaintiffs' Amended Complaint does not state additional facts that

distinguish Judge Strickland's reasoning when denying the initial Application for a Temporary

Restraining Order. Further, while Plaintiffs plausibly plead breach of the Member Agreement and

1

duty of loyalty, those are state law claims - only here as a matter of the Court's supplemental jurisdiction. While Plaintiffs argue that Mountain View Family Dentistry and Orthodontics, LLC is not a proper party, I agree with Defendants that it is. The Company's diversity is considered for the purposes of assessing jurisdiction, and, here, the Company is an LLC with an in-state member, which destroys diversity. [Doc. 8]. Therefore, I recommend that the Court **deny** Plaintiff's Motion for Expedited Discovery [Doc. 9], **grant** Defendants' Motion to Dismiss for lack of subject matter jurisdiction [Doc. 17] and **deny** Plaintiffs' Renewed Application for a TRO [Doc. 27]. Plaintiffs' First Amended Complaint should be **dismissed without prejudice** and Plaintiffs should be granted leave to amend the Complaint if they can state additional facts to support a plausible federal claim or establish diversity jurisdiction.

## I.     **BACKGROUND**

This case arises from a partnership gone wrong. As recited in the operative Complaint, in 2019 Dr. Jared Pope and Dr. Duane Marshall formed a limited liability company called Mountain View Family Dentistry and Orthodontics, LLC (named here as both a plaintiff and as a "nominal defendant"; hereinafter "the Company"). [Doc. 8, p. 2]. Dr. Pope is a resident of Arizona who agreed to provide support services to the Company while Dr. Marshall, who lived and operated a dental practice in New Mexico, would be its practicing dentist and run its daily affairs. [Doc. 8, p. 3]. Dr. Pope is the sole managing member of the Company, but Dr. Marshall holds an equal share of equity. [Doc. 8, p. 2]. In furtherance of the parties' business plan and agreement, Dr. Pope had the Pope PLC loan $795,000 to the Company so that it could purchase "the Practice." [Doc. 8, p. 2].

Business proceeded as planned from January 2021 through September 2021, with the Company generating an average of $134,956 per month in gross revenue. [Doc. 8, p. 3]. From that

point forward the Company's revenue dropped by almost half and continues to decline. [Doc. 8, p. 3; *see generally* Doc. 27]. Dr. Marshall offered excuses that did not appease Dr. Pope, and Dr. Pope's investigation revealed that Dr. Marshall instructed employees to uninstall LogMeIn Remote Access software that Dr. Pope installed on company computers or was himself manipulating programs that he could access as the practicing dentist. [Doc. 8, p. 4, Doc. 27, pp. 6, 13]. For example, according to Dr. Pope, the former office manager of the Company (who resigned on June 13, 2022), told him that Dr. Marshall is using a cloud-based billing and practice management software called Dentrix Ascend to effectively siphon funds from the Company depending on the patient's insurance provider while simultaneously giving the impression that patients are doing business with the Company. [Doc. 27, pp. 5-6; Doc. 29, pp. 6-7].

Dr. Pope purports to bring claims "individually and on behalf of the Company" without naming the Company as a plaintiff. [Doc. 8, p. 9]. I agree with Judge Strickland that Dr. Pope cannot do this as a matter of law, and that the LLC is properly considered a plaintiff in its own right. NMSA 1978, 53-19-14 (2021).[1] Plaintiffs' claims include violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), (g) ("CFAA") and state law claims:  breach of contract (Member Agreement); violation of New Mexico's version of the Uniform Voidable Transactions Act; equitable lien; unjust enrichment; and breach of a duty of loyalty [Doc. 8, pp. 9-16]. Plaintiffs seek specific performance of Defendants' contractual obligations, an accounting, reimbursement of profits diverted from the Company, compensatory and punitive damages, and costs and fees associated with this action. [Doc. 8, pp. 16-17].

---

[1] "A member of a limited liability company is not a proper party to a proceeding by or against the limited liability company solely by reason of being a member of the limited liability company, except where the object of the proceeding is to enforce a member's right against or liability to the limited liability company."  NMSA 1978, 53-19-14 (2021).

Plaintiffs amended their complaint following Judge Strickland's decision denying their ex parte application for a Temporary Restraining Order. [*See* Doc. 7]. I incorporate Judge Strickland's recitation of the facts as well as her analysis that Plaintiffs would not likely prevail on the merits of their claim under the Computer Fraud and Abuse Act as originally pled and would likely be restricted to recovering post-judgment monetary damages for the claims asserted under state law. [Doc. 7, pp. 7-12]. Judge Strickland suggested that Plaintiffs pursue their claims in state court because federal jurisdiction appeared tenuous. [*See* Doc. 7, p. 10].

The amended Complaint adds little substantial factual information or support for Plaintiffs' federal claim that was not already considered by Judge Strickland. [*See generally* Doc. 8]. Plaintiffs concurrently filed a Motion for Expedited Discovery on March 7, 2022. [Doc. 9]. Defendants filed a Motion to Dismiss on March 22, 2022. [Doc. 17]. Defendants argue that the Court lacks federal question jurisdiction under the Computer Fraud and Abuse Act and cannot establish complete diversity to litigate state claims in federal court. Plaintiffs filed a Renewed Application for Temporary Restraining Order ("TRO") on June 17, 2022. [Doc. 27]. In their TRO reply brief, Plaintiffs present evidence that Defendants have diverted income from the Company. [Doc. 29, pp. 2-3]. Briefing on these filings is complete and the issues raised are related, so they will be considered together. [Docs. 20, 24, 30]. An Order referring this case to me for proposed findings was entered on April 6, 2022. [Doc. 22].

## II.   LEGAL STANDARDS

### A.  Subject Matter Jurisdiction

A federal District Court must first determine that it has subject matter jurisdiction over a case. *See Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). Federal Rules of Civil

Procedure 12(b)(1) and 12(h)(3)[2] control the decision on a defendant's motion to dismiss for lack of subject matter jurisdiction. *See, e.g.*, *De Baca v. United States*, 403 F. Supp. 3d 1098, 1113 (D.N.M. 2019) (Browning, J.).

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). Because Defendants do not actually challenge the facts underlying the Complaint, this Motion to Dismiss is considered a facial attack on the Court's jurisdiction. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *DeBaca*, 403 F.Supp.3d at 1113 (citation omitted). Thus, the Court may only dismiss a case for failure to establish subject matter jurisdiction under Rule 12(b)(1) where a reasonable person could not plausibly conclude that the facts alleged in the Complaint could result in a finding of liability supported by federal law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs bear the burden to establish federal jurisdiction, either through presentation of a federal question or establishment of diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332.

Plaintiffs' Computer Fraud and Abuse Act claim, *see* 18 U.S.C. § 1030 (a)(4), (g), requires them to show that Defendants or their agents "exceeded authorized access" of a protected computer, meaning that Defendants accessed a computer with authorization but then obtained or altered information on the computer that exceeded what Dr. Marshall was entitled to obtain or alter. *See* 18 U.S.C. § 1030(e)(6).

---

[2] Stating that a district court must dismiss an action "whenever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction exists only when the parties are completely diverse and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. For the purposes of § 1332, the citizenship of the members of a limited liability company determines the citizenship of the company itself.

### B.  Leave to Amend

Should the Court determine that Plaintiffs have failed to establish federal jurisdiction, it must consider whether to permit Plaintiffs another chance to amend their Complaint. Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave [to amend] when justice so requires." *Id.* Each claim should have the opportunity to be decided on its merits rather than on "procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The Court may withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). Thus, "district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim." *Cabot v. Wal-Mart Stores, Inc.*, No. CV 11-0260 JB/RHS, 2012 WL 1378529, at *4 (D.N.M. Apr. 10, 2012).

### C.  Discretion to Permit Early Discovery

Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The exception is when a party seeks jurisdictional discovery. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*,

385 F.3d 1291, 1299 (10th Cir. 2004). Whether to permit such discovery is vested within the broad discretion of the trial court, which will not be reversed unless that discretion is abused. *Id.*

### D.  Obtaining a Preliminary Injunction

A party seeking preliminary injunctive relief must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Derma Pen, LLC v. 4EverYoung Ltd.*, 737 F. App'x 396, 402 (10th Cir. 2018) (unpublished). The issuance of preliminary injunctive relief is within the discretion of the district court. *See Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 354 (10th Cir. 1986).

### III.    ISSUES TO BE DECIDED

A.     The undisputed facts are that Dr. Marshall owns a 50% stake in the Company and is the dentist responsible for running the daily functions of the practice. Given these facts and the lack of additional facts in the amended Complaint, did Defendants exceed Dr. Marshall's authority to access the computers and software of the Company so as to trigger federal liability under the Computer Fraud and Abuse Act and thereby establish this Court's federal question jurisdiction?

B.     Have Plaintiffs established diversity jurisdiction where a limited liability company is named as a plaintiff entitled to pursue the claims and where diversity law states that the citizenship of a limited liability company's members is determinative of citizenship of the company, meaning here that the Company is a citizen of both Arizona and New Mexico for diversity purposes?

C.     Should Plaintiffs be permitted to amend their Complaint to state a federal claim under the CFAA or to establish diversity jurisdiction?

D.     Are Plaintiffs entitled to early discovery despite failing to conclusively establish subject matter jurisdiction when the discovery would seek only evidence relevant to monetary damages?

E.     Have Plaintiffs, by presenting evidence that Defendants are diverting Company income, now shown entitlement to a temporary restraining order?

## IV.     <u>ANALYSIS</u>

Federal courts are courts of limited jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980 (10th Cir. 2013). This Court cannot presume that jurisdiction has been established: it must be shown by the party invoking it. My recommendation rests on both Plaintiffs' continuing failure to allege sufficient facts to make plausible their claim under the Computer Fraud and Abuse Act so as to establish federal question jurisdiction, and Plaintiffs' inability to establish the complete diversity required for diversity jurisdiction. I recommend that the Court grant Defendants' Motion to Dismiss and deny Plaintiffs' Motion for Discovery and Renewed Application for a Temporary Restraining Order. If the Court adopts these recommendations, I recommend Plaintiffs be permitted an additional opportunity to amend their Complaint to competently assert federal jurisdiction. I take no position on Plaintiffs' allegations of perjury in this civil case, noting that sanctions pursuant to Rule 11 require additional procedural steps.

### A.  Plaintiffs have not established federal question jurisdiction.

Plaintiffs' sole federal claim is for violation of the Computer Fraud and Abuse Act. I agree with Judge Strickland that Plaintiffs' claim is not likely to succeed on the merits in light of *Van Buren v. United States*, 141 S. Ct. 1648, 1652 (2021) (The Computer Fraud and Abuse Act does not apply to those who have improper motives for obtaining information that is otherwise available to them). Plaintiffs' current allegations of fact for their CFAA claim does not alter the Court's

analysis. Nor do Plaintiffs cite binding decisions distinguishing *VanBuren* in these circumstances where Defendants are alleged to have accessed and altered information or software that was otherwise available to Dr. Marshall as an equal partner in the Company. Therefore, a plausible claim asserting federal question subject matter jurisdiction is lacking.

### B.  Plaintiffs have not established complete diversity.

Dr. Pope may not litigate violations of state law on behalf of the limited liability company, rendering it a proper plaintiff as a separate entity. Diversity jurisdiction requires complete diversity of all plaintiffs and all defendants. The Company's presence as a plaintiff requires me to consider the citizenship of each of its members, and all Defendants, including Dr. Marshall, are New Mexico citizens. The Company's presence as a plaintiff with New Mexico citizenship thus destroys complete diversity. Therefore, the Court does not have diversity jurisdiction over the state law claims asserted by Plaintiffs.

### C.  Plaintiffs have not shown irreparable harm.

Plaintiffs have presented evidence that Defendants may have diverted income from the Company in violation of the member agreement and state law. That new allegation does not extract this case from Judge Strickland's previous analysis:  the availability of a remedy at law for money damages means that the feared harm is not irreparable.  [*See* Doc. 7, pp. 12-13].  There is no evidence that Plaintiffs will not be able to account for the diverted funds, as shown by the evidence presented of their alleged total losses to date. As Judge Strickland noted before, Plaintiffs have not shown an irreparable loss of patients or the inability to replace staff who opt to work for Defendants, nor that the Company has existed so long that there is sufficient goodwill in the practice to garner compensable loss. [*Id.*].  Therefore, Plaintiffs' Renewed Application for a Temporary Restraining Order should be denied, both for failure to establish a likelihood of success

on the merits (due to lack of subject matter jurisdiction) as well as failure to show irreparable injury should an injunction be denied. Plaintiffs should be cautioned against filing an additional request for injunctive relief that does not recognize and address the deficiencies identified by Judge Strickland in the initial denial of a temporary restraining order.

### D.  Plaintiffs have not shown a need for early discovery.

The Court has not issued an initial scheduling order setting a deadline for the parties' Rule 26(f) conference, nor have Defendants stipulated to the propounding of discovery requests in advance of that conference. I believe that the Court would abuse its discretion by permitting discovery regarding the assets of Defendants before Plaintiffs have established subject matter jurisdiction. Defendants' ability to pay a judgment is only relevant if there is a live controversy which the Court has authority to resolve. Plaintiffs show neither a need for discovery to establish jurisdiction nor the utility of early discovery of Defendants' assets.

### E.  Plaintiffs should be permitted an opportunity to amend.

Leave to amend should be liberally granted. Perhaps Plaintiffs can add substantive factual allegations to support an argument for a Computer Fraud and Abuse Act violation. Plaintiffs also indicate that they could amend to assert claims restricted to Dr. Pope and other non-New Mexicans to establish diversity jurisdiction for state law claims. Liberally construing the Federal Rules, I believe leave to amend is desirable, if not required. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 15.

### V.  CONCLUSION

Federal courts cannot adjudicate claims that are beyond the jurisdiction granted by Congress. It is Plaintiffs' burden in this case to establish jurisdiction: the Court may not assume it exists. Plaintiffs' Computer Fraud and Abuse Act claim is not plausible after *VanBuren,* and

Plaintiffs otherwise have not shown facts or law supporting a federal claim. Plaintiffs have also failed to establish diversity jurisdiction over their state law claims.

Therefore, I recommend that the Court **deny** Plaintiff's Motion for Expedited Discovery [Doc. 9], **grant** Defendants' Motion to Dismiss for lack of subject matter jurisdiction [Doc. 17] and **deny** Plaintiffs' Renewed Application for a Temporary Restraining Order.  [Doc. 27]. I further recommend that Plaintiffs' First Amended Complaint be dismissed without prejudice and Plaintiffs be granted leave to amend the Complaint if they can state a plausible federal claim or establish diversity jurisdiction. If Plaintiffs fail to do so, this case should be **dismissed without prejudice** for lack of subject matter jurisdiction.

**SO RECOMMENDED.**

**Jerry H. Ritter**
**U.S. Magistrate Judge**

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**